## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LUIS S. SALINAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-1846-RWS |
| | ) | |
| TKC HOLDINGS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon *pro se* plaintiff Luis S. Salinas's motion for leave to proceed *in forma pauperis.* Upon review and consideration of the motion and the financial information provided therein, the Court finds that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. Additionally, the Court will direct the Clerk to issue process as to defendants TKC Holdings and Keefe Group, and will dismiss the remaining defendants from this action.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

*Pro se* complaints must be liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff brings this action to redress employment discrimination. He filed the complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("RA"). In the caption of the complaint form, plaintiff lists the following defendants: TKC Holdings, Keefe Group, Trinity Services, MyCarePak, Access Corrections/Securepak, TTO, CSR, "& More." (ECF No. 1 at 1). However, in the section of the complaint provided for plaintiff to identify the names and addresses of the defendants, plaintiff named "TKC Holdings/Keefe Group" and provided a single address for both. *Id.* at 2.

2

Plaintiff alleges he was employed by "TKC Holdings/Keefe Group" as a Bilingual Customer Service Representative from August 2019 to October 7, 2019. *Id.* at 2, 6. Plaintiff does not allege he had an employment relationship with, or sought employment from, Trinity Services, MyCarePak, Access Corrections/SecurePak, TTO, CSR, or any other entity. He alleges he is a mixed-race person of Hispanic origin, and is disabled. He describes his disability as a knee problem that limits his mobility and requires the use of a brace. He also alleges having suffered "other injuries." *Id.* at 6. In the Charge of Discrimination form attached to the complaint, plaintiff identifies his religion as "Old Russian Hodon." (ECF No. 1-1 at 1).

Plaintiff alleges that from August 2019 through October 7, 2019, he was subjected to discrimination, retaliation and harassment on the basis of race, religion, national origin, color, gender, and disability. (ECF No. 1 at 5). He identifies the complained-of conduct as failure to re-hire him, termination of his employment, failure to accommodate his disability, retaliation for demanding reasonable accommodations, differing terms and conditions of employment, and harassment. The facts plaintiff alleges in support of such claims include being subjected to insults including an ethnic slur, denial of reasonable accommodations for a disability, and being purposefully locked out of the building, wrongfully reprimanded and falsely accused of abandoning his job, and wrongfully terminated on October 7, 2019.

Plaintiff also avers that discrimination occurred after March 2020 "thru Current." *Id.* at 3. Elsewhere in the complaint, plaintiff writes: "company has engaged in sophisticated blacklisting against me and my candidacy at their body of companies . . .". *Id.* at 7. Plaintiff alleges no facts in support of those statements.

## Discussion

Plaintiff alleges that TKC Holdings and Keefe Group are liable to him because he was

3

subjected to discrimination, retaliation and harassment on the basis of disability, race, religion, national origin, and color from approximately August 2019 through October 7, 2019. On July 31, 2020, plaintiff filed a Charge of Discrimination against "TKC Holdings dba Keefe Group" for wrongdoing that occurred from September 2019 through October 7, 2019, and the allegations in the complaint are like or reasonably related to the substance of the charges plaintiff brought against those entities at the administrative level. On September 21, 2020, the EEOC sent plaintiff a Dismissal and Notice of Rights, giving him ninety days in which to file a lawsuit under federal law. Plaintiff filed this action on December 18, 2020. It therefore appears plaintiff timely filed this lawsuit, and exhausted administrative remedies with respect to the foregoing claims brought against TKC Holdings and Keefe Group. The Court will therefore allow this case to proceed against those entities.

Plaintiff does not explain why he listed Trinity Services, MyCarePak, Access Corrections/SecurePak, TTO, CSR, "& More" as defendants in the caption of the complaint. *Id.* at 1. Plaintiff does not allege he had an employment relationship with, or sought employment from, any of those entities, nor does he allege wrongdoing attributable to any of them. Plaintiff does state that wrongdoing occurred in March of 2020 through the present, and he was not re-hired and/or was wrongfully deemed unacceptable for employment. However, plaintiff alleges no facts in support of such statements. Absent a factual underpinning, plaintiff's statements amount to legal conclusions that are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Even *pro se* plaintiffs are required to set forth enough factual allegations to "nudge[] their claims

across the line from conceivable to plausible," or "their complaint must be dismissed." *Twombly*, 550 U.S. at 569-70. *See also Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The Court therefore concludes that the complaint fails to state a claim upon which relief may be granted as to defendants Trinity Services, MyCarePak, Access Corrections/SecurePak, TTO, and CSR. Additionally, because the administrative documents plaintiff provided do not show that plaintiff brought claims against any of those entities at the administrative level, he would be unable to demonstrate exhaustion of administrative remedies with respect to any such claim under Title VII, the ADA, or the RA. *See Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018) (stating that under Title VII, a plaintiff must first exhaust his administrative remedies before filing suit in federal court); *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) (stating that in order to assert his ADA claim, the plaintiff must have first exhausted his administrative remedies by filing a charge of discrimination with the EEOC); and *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) ("a plaintiff suing under the Rehabilitation Act must exhaust administrative remedies."). The Court will therefore dismiss defendants Trinity Services, MyCarePak, Access Corrections/SecurePak, TTO, and CSR from this action.

Plaintiff has also filed a "Motion for Appointment of Alternative Dispute Resolution (ADR) Pro Bono Limited Scope Counsel." (ECF No. 3). The Court will deny the motion at this time, without prejudice. First, this case has not been referred to Alternative Dispute Resolution. Additionally, indigent litigants have "no constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to

appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time. Based upon plaintiff's allegations, it appears this case is factually and legally straightforward, and there is no indication that plaintiff will be unable to investigate the facts and clearly present his claims. Additionally, the motion is premature, as the defendants have yet to be served with process and discovery has not begun. However, the Court recognizes that circumstances may change. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Alternative Dispute Resolution (ADR) Pro Bono Limited Scope Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that defendants Trinity Services, MyCarePak, Access Corrections/SecurePak, TTO, and CSR are **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process or cause process to issue upon the complaint as to defendants TKC Holdings and Keefe Group via their registered agent, Cogency Global, Inc., 9666 Olive Boulevard, Suite 690, Saint Louis, Missouri,

63132.

      Dated this __31st__ day of December, 2020.

                              RODNEY W. SIPPEL
                              UNITED STATES DISTRICT JUDGE