UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUIS S. SALINAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20 CV 1846 RWS |
| ) | |
| TKC HOLDINGS, INC. and ) | |
| KEEFE COMMISSARY ) | |
| NETWORK, LLC, ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiff Luis S. Salinas' motion to continue the proceedings in this matter for 100 days. For the reasons stated below I will deny the motion.

On December 18, 2020, Salinas filed his complaint asserting employment discrimination claims against Defendants TKC Holdings, Inc. and Keefe Commissary Network, LLC. On March 1, 2021, Defendants filed a motion to dismiss some of Salinas' claims which I granted on April 26, 2021.[1] On May 12, 2021, I set a Rule 16 Conference on July 9, 2021. On May 25, 2021, Salinas filed a motion asking me to reconsider my ruling granting Defendants' motion to dismiss some of his claims. In his motion Salinas also requested that the Rule 16

---

[1] Salinas failed to file a response to the motion despite my sua sponte providing him with additional time to do so.

Conference be continued to allow unspecified investigations of Defendants to be completed. On June 21, 2021, I issued an order denying Salinas's motion to reconsider my dismissal order. I granted his motion to continue the Rule 16 Conference (it was continued to July 30, 2021), however, I noted that Salinas's request to delay all of the case proceedings until the unspecified investigations were completed was not reasonable. I noted that "Salinas must move forward in prosecuting his case."

On July 30, 2021, Salinas failed to appear at the Rule 16 Conference (apparently due to an issue regarding an appropriate identification document to clear Court security). I continued the Rule 16 Conference to August 17, 2021. At that conference Salinas raised two issues. He asserted that he suffered from Post-Traumatic Stress Syndrome (PTSD) and that he was not able to receive out-patient treatment for his condition until October 27, 2021. He also stated that he filed a complaint with the Office of Federal Contract Compliance Programs (OFCCP) regarding Defendants' employment practices. Salinas suggested that the OFCCP's investigation may lead to a finding Defendants engaged in discriminatory employment practices which could have an impact on the present case. Salinas asked for a continuance of the Rule 16 Conference to allow him to begin treatment for his PTSD and to update the Court of the state of the OFCCP's investigation. I

2

told the parties that a delay of the case was "no one's friend" but I continued the Rule 16 Conference to November 17, 2021.  I told Salinas he would provide an update on the status of the OFCCP investigation at that time but that "[a]t some point we will have to proceed with the case."  It was never my intention to delay this matter indefinitely pending the outcome of the OFCCP's investigation.

On November 12, 2021, Defendants filed a proposed scheduling plan. Salias failed to do so.  On November 17, 2021, the Rule 16 Conference convened but Salinas failed to appear at the conference.  On the same date I entered a Case Management Order based, in-part, on Defendants' proposed deadlines.

On November 23, 2021, Salinas filed the present motion seeking to delay all proceedings in this matter for another 100 days to allow the OFCCP's investigation to be potentially completed.  He also asserted that his PTSD was interfering with his ability to litigate this matter. On December 9th and 14th, Salinas filed supplemental pleadings in support of continuing this case.  He proposes that the case be stayed until February 28, 2022 and to set a hearing on that date to provide an update on the OFCCP investigation.  He also proposes that two more hearings should be held on May 29, 2022 and June 21, 2022 to provide further information about the OFCCP investigation.  Salinas proposes that discovery could then be resumed (tentatively) on July 11 or August 22 of 2022.  Defendants object to

3

Salinas' motion to stay this case. I agree with Defendants.

Salinas proposals are not practical or reasonable. This matter has been pending for a year with discovery just recently getting underway. The fact that the OFCCP is conducting an investigation of Defendants' employment practices based on a complaint initiated by Salinas does not prevent this case from proceeding in the normal course. Any findings made by the OFCCP are not outcome determinative in this case. Delaying discovery in this matter pending the resolution of the OFCCP's investigation is not warranted. Salinas must comply with the discovery deadlines in this case despite the ongoing OFCCP investigation. In other words, this litigation and the OFCCP's investigation will proceed along parallel tracks and the OFCCP's investigation will not prevent the parties in this case from fulfilling their discovery obligations. I remind Salinas that his discovery requests to Defendants and his responses to Defendants' discovery requests are **not** to be filed with the Court under Local Rule 3.02.

Moreover, Salinas's assertion that his PTSD makes it difficult to comply with the Case Management deadlines does not mean that he cannot do so. In support of his PTSD limitation claim Salinas has submitted an unsigned email, from his own email address, purportedly from an "Orthodox Christian Priest" and "Counselor." He also submitted a form from South City Hospital dated December

4

7, 2021, that stated Salinas could return to work on December 7, 2021 but that he should avoid stressful situations through December 21, 2021.  Finally, Salinas submitted a note from a psychiatrist at BJC Behavioral Health dated October 27, 2021, that stated Salinas has been diagnosed with PTSD and that Salinas has "reported increasing anxiety relating to an upcoming court date dealing with one of the traumatic events" (presumably the November 17, 2021 status conference).  The note requests "to make any possible accommodations, with his court date, to help him better manage his anxiety."

None of these documents supports a prolonged stay of this matter.  Salinas has filed numerous lengthy and articulate motions which indicate that he is quite capable of proponding and responding to any discovery proceedings in this matter.  In addition, Salinas reports that he is actively receiving treatment for his PTSD which was the basis for his August 17, 2021 motion to continue the Rule 16 Conference.  This case has experienced significant delays and I have already granted Salinas multiple continuances.  Salinas and Defendants deserve to have this litigation move forward.  As a result, I will deny Salinas's motion to continue this matter for 100 days.

However, I will extend the Case Management deadlines to allow the parties to meet their discovery obligations.  An amended Case Management Order will be

entered by a separate order on this same date.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Luis S. Salinas's motion to continue this case for 100 days [43] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff Luis S. Salinas's motion for a hearing [50] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2021.