UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LUIS S. SALINAS,

    Plaintiff,

    v.

TKC HOLDINGS and
KEEFE GROUP,

    Defendants,

)
)
)
)
)
)
)
)
)
)
)

Case No. 4:20 CV 1846 RWS

## **MEMORANDUM AND ORDER**

On April 6, 2022, a status conference was held in this matter to address Plaintiff Luis Salinas' case filings and the pending motions. Salinas failed to appear at the conference. At the conference I reviewed deficiencies in the manner and content of documents Salinas filed with the Court and / or sent to Defendants' counsel. I record here my rulings on the record at the conference.

## I. **Emailing documents to the Court:**

Salinas has been given permission to file documents by sending them as attachments in emails to the Court. The purpose of this process is to allow pro se parties to file documents through email rather than through the United States Postal Service. The email sent in this portal should only contain document attachments (ie. motions and memoranda). The email should not include any other communications. If Salinas is requesting me to take an action in this case he must

do so by filing a motion and memorandum in support as required by Local Rule 4.01. Salinas must also comply with the page limitation of Rule Local 4.01.

Salinas has not followed this protocol. He has sent numerous emails that have pages of text in which Salinas waxes philosophical, disparages Defendants and their counsel, and includes immaterial information that reflect a stream of consciousness submission. Moreover, Salinas has failed to send copies of his emails to opposing counsel. As a result, Salinas has been engaging in ex parte communications with the Court which is not permissible.

In the future, Salinas shall send emails to the Court that only have a motion and memorandum attached. Salinas' motions and memoranda must be concise and limited to the issue(s) raised in the motion. Motions and memoranda should not include stream of consciousness opinions and side issues. They should also be free of accusations and name calling. Any emails to opposing counsel should also follow this guideline.

The email itself shall not contain any further information other than the identity of the filing (for example, "Please find attached Plaintiff's motion to compel and memorandum in support."). Salinas must send, directly to Defendants' counsel of record's email addresses, a copy of anything Salinas submits to the Court. Defendants shall provide copies of their filings to Salinas' email address

rather than through the United States Postal Service.

## II.   <u>Motions:</u>

At the status conference I issued a ruling upon all of the outstanding motions in this matter.  The following is a summary of those rulings.

### (A) Salinas' motion to compel depositions [54]

Salinas noticed up three depositions of his supervisor, an HR person, and one of Defendants' officers.  Salinas proposed to do the depositions by Zoom with each party recoding their own versions and each creating their own transcripts. Defendants have declined this proposal.  They want a court reporter to administer the oaths and take testimony as required by Fed. R. Civ. P. 28.  Salinas filed a document concerning this issue that I construed as a motion to compel the depositions as proposed by Salinas.

I will deny Salinas's motion.  Salinas must comply with Rule 28 and obtain a court reporter for depositions.  Salinas should also consult with Defendants about scheduling the depositions.

### (B)  Defendants' motion to compel discovery [57]

Defendants have moved to have Salinas provide answers to Defendants' Interrogatory Nos. 5, 6, 8, 9, 11, and 13 and Request for Documents Nos. 7, 8, 10, 13, 14, 15, 17, 18, 23, 24, and 31.  Defendants also move to have Salinas provide a

signed verification for his interrogatory answers as required by Rule 33(b).  The interrogatories and document requests seek relevant information of Salinas' medical treatment and treaters since January 2019 regarding his disability, his emotional distress, and his other health conditions exacerbated by Defendants' actions.  They also seek information about his employment and income since he left Defendants' employment.

I will grant Defendants' motion.  Salinas must provide directly to Defendants' counsel[1] complete answers to these interrogatories and produce all of the documents Defendants requested no later than **April 29, 2022**.  Salinas shall also provide a signed verification for his interrogatory answers as required by Rule 33(b).

**(C)  Salinas' motion for 5 extra days to respond to anything [60] and [61]**

Salinas requests 5 extra days to allow him extra time to respond to Court orders or Defendants' motions.

I will deny this motion.  In addition to filing any documents with the Court, Defendants shall send a copy of those filings to Salinas' email address.  Under Local Rule 4.01 Salinas has 14 days to respond to a motion and 10 days to file

---

[1] Discovery responses shall not be filed with the Court.

4

response briefs.  In addition, I will give Salinas 14 days to respond to any orders

issued by the Court.  These accommodations will allow Salinas ample time to

provide timely submissions in this matter.

**(D)  Salinas' motion to disqualify opposing counsel [65]**

Salinas claims that Defendants' counsel should be disqualified because: (1)

Jackson Lewis is directly implicated by evidence in Salinas' complaint re section

1001 of the False Statements Accountability Act of 1996; (2) Jackson Lewis

cannot objectively engage in this case due to its intersection with criminal

complaints; (3) Jackson Lewis is unable to represent TKC Holdings due to recent

events that will be described in future filings; and (4) there are indications that

Jackson Lewis may have relationships with those close to Defendants which are

inappropriate.

I will deny this motion.  The motion is without merit.

**(E)  Salinas' motion for postponement and tolling [67]**

On March 17, 2022, Salinas filed a motion for him to not have to respond to

anything until after March 23, 2022.

I will deny this motion as moot.

**(F)  Salinas' motion for an extension of time to file documents [73]**

On March 25, 2022, Salinas sent an email that the Court construed as a

motion for an extension of time to file documents.

I will deny this motion as moot.  Salinas has filed these documents.

**(G)  Salinas' motion to amend complaint [74]**

On March 25, 2022, Salinas filed a document titled "Complaint – Brief: Criminality, Conspiracy, Contempt, and Deprivation of Rights."  In it he claims Defendants have a history of racketeering and are known agents of public corruption.  Salinas alleges that Defendants are not prosecuted because of their political clout.

This filing is a rambling condemnation of Defendants and their counsel. Salinas attached numerous newspaper articles and court filings.  Salinas wants the Court "as the venue of the Department of Justice to provide me injunctive relief as well as intervention in these matters."  I have construed this document as a motion to amend Salinas' complaint.

I will deny the motion.  The issues raised in this filing are far beyond the scope of Salinas' original complaint.  Salinas must stay focused on his original claims of employment discrimination.

Finally, Salinas has represented to this Court numerous times that if his complaint with the Office of Federal Contract Compliance Programs (OFCCP) was decided in favor of Defendants, Salinas would dismiss this lawsuit.   Salinas'

complaint with the OFCCP raised employment discrimination claims that are the basis of this lawsuit.  Defendants have submitted a letter from the OFCCP, dated March 14, 2022, which finds in favor of Defendants regarding Salinas' claims. [Doc. # 71-2]  I will order Salinas to respond to the disposition of his OFCCP complaint.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Luis Salinas shall comply with the email and communications requirements stated in this order.

**IT IS FURTHER ORDERED that** Plaintiff Luis Salinas' motion to compel depositions [54] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants' motion to compel discovey [57] is **GRANTED**.  Plaintiff Salinas shall deliver to Defendants the discovery identified above **no later than April 29, 2022**.

**IT IS FURTHER ORDERED that** Plaintiff Luis Salinas' motions for a 5 day extension [60 and 61] are **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff Luis Salinas' motion to disqualify Defendants' counsel [65] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff Luis Salinas' motion for postponement and tolling [67] is **DENIED** as moot.

**IT IS FURTHER ORDERED that** Plaintiff Luis Salinas' motion for an extension of time to file documents [73] is **DENIED** as moot.

**IT IS FURTHER ORDERED that** Plaintiff Luis Salinas' motion to amend the complaint [74] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff Luis Salinas shall file a response to the disposition of his OFCCP complaint **no later than April 22, 2022**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2022.

8